UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| GARY EPPS, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00332 |
| | ) | REEVES/GUYTON |
| BSCMS 1999-CLF1 CLIFTON HIGHWAY | ) | |
| REO, LLC, | ) | |
| | ) | |
|     *Defendant*. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This case concerns commercial property located at 5727 Clinton Highway, Knoxville, Tennessee 37912 ("Property"). Plaintiff Gary Epps ("Epps") seeks to prevent a pending foreclosure sale on the property by BSCMS 1999-CLF1 Clifton Highway REO, LLC ("Defendant"). The Property, which is in receivership, is subject to the Deed of Trust executed between Gibson and Epps, L.L.C. and Defendant's predecessor entity in 1997. Gibson and Epps, L.L.C. was administratively dissolved in 2001, then operated as a general partnership, then as a sole proprietorship by Epps. However, Epps does not claim any responsibility under the Promissory Note associated with the Deed of Trust.

Before the Court are two motions: Epps' motion for a preliminary injunction [D. 11] and Defendant's motion to dismiss for failure to state a claim [D. 14]. The parties have responded in kind; both motions are ripe. The Court will first address Defendant's motion to dismiss, then Epps' motion for a preliminary injunction.

1

I.  **Motion to Dismiss**

   A. **Background**

      1. **Factual Background**

In October 1997, Gibson and Epps, L.L.C. executed the Deed of Trust, along with a Promissory Note, to Bedford Capital Funding Corp., the original lender. The Deed of Trust secured the note, which had an original principal amount of $660,800.00. Gibson and Epps, L.L.C. was administratively dissolved on July 20, 2001, but continued to operate as a general partnership with Jimmy Gibson ("Gibson") and Epps as the only partners. On June 24, 2013, Jimmy Gibson assigned all of his interest in the general partnership to Epps and his wife, Jackie Epps. Jackie Epps subsequently assigned all of her interest to Epps, who now operates as a sole proprietorship.

The Promissory Note went into default, and litigation arose in which Epps, along with Gibson and Epps, L.L.C., sued several parties including Defendant in Knox County Circuit Court regarding the property. *See Gary Epps et al. v. Gibson & Assoc. et al.*, No. C-13-363913 (Knox Cty. Cir. Ct. filed 2013). On August 26, 2016, an "Agreed Order Appointing Receiver" was entered in the case, signed by counsel for Epps, in which a receiver ("Receiver") was appointed to manage the Property, collect rents pursuant to a lease with the United States Postal Service. *Gary Epps et al. v. Gibson & Assoc. et al.*, No. C-13-363913 (Knox Cty. Cir. Ct. Aug. 26, 2016). Pursuant to the order, the Receiver's fees and expenses were advanced by Defendant.

On August 6, 2018, U.S. Bank National Association ("U.S. Bank") initiated the appointment of a substitute trustee under the Deed of Trust, which was recorded. U.S. Bank then issued a "Notice of Trustee's Foreclosure Sale", which was scheduled for September 10, 2018. On the morning of September 10, 2018, Epps filed suit in Knox County Chancery Court to enjoin the foreclosure sale, alleging that U.S. Bank was not the holder of the Promissory Note. A

Temporary Restraining Order ("TRO") was entered by the Chancery Court, and U.S. Bank removed that action to this Court. *See Epps v. U.S. Bank National Association, et al.*, No. 3:18-cv-405 (E.D. Tenn. removed Sept. 24, 2018). The case lay stagnant until May 24, 2019, when U.S. Bank moved to dismiss the action for lack of prosecution. On June 27, 2019, Epps filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on the grounds that U.S. Bank acknowledged that it was not the holder of the Promissory Note. On August 2, 2019, Defendant prompted the issuance of a "Notice of Trustee's Foreclosure Sale" setting the foreclosure sale for August 28, 2019.

### 2. Procedural Background

On August 23, 2019, Epps again filed suit in Knox County Chancery Court to enjoin the foreclosure sale. On August 26, 2019, Defendant removed the action to the Eastern District of Tennessee, where the case was initially assigned to the Honorable Harry S. Mattice, United States District Judge. Judge Mattice held a telephonic hearing regarding the case with the parties and Defendant cancelled the foreclosure sale and re-noticed it for September 16, 2019. Given the relation of this case to the previous action filed by Epps over the Property, the case was then transferred to this Court. Epps then filed his motion for a preliminary injunction on September 8, 2019 and requested a hearing on the motion. This Court sought to schedule a hearing on September 11, 2019, but counsel for the Defendant, who is based out of Kansas City, Missouri, could not appear in person. Consequently, Defendant re-noticed the foreclosure sale for October 25, 2019. On September 13, 2019, Defendant moved to dismiss the action and responded in opposition to the motion for a preliminary injunction on September 23, 2019. Epps responded in opposition to the motion to dismiss on October 16, 2019.

## B. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must articulate a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a Rule 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Dismissal is appropriate only if the Court finds that the plaintiff "can prove no set of facts in support of his claims that would entitle him to relief." *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). But even with this liberal standard, the Sixth Circuit has made clear that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Instead, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) (citations omitted).

## C. Analysis

At the outset, the Court notes that Epps has included various documents in his verified complaint filed in the Chancery Court for Knox County, which was removed to this Court. These documents include a copy of the Deed of Trust (Exhibit C) as well as an "Agreed Order Appointing Receiver" from *Gary Epps et al. v. Gibson & Assoc. et al.*, No. C-13-363913 (Knox Cty. Cir. Ct. Aug. 26, 2016) (Exhibit D). Likewise, Defendant has included several documents as exhibits to its response in opposition to the motion for a preliminary injunction

Rule 10(c) provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Consequently, in weighing Defendant's motion to dismiss, the Court treats the documents attached to Epps' complaint as part of the pleadings. *See, e.g.*, *Peoples v. Bank of Am.*, No. 11-2863-STA, 2012 WL 601777, at *4 (W.D. Tenn. Feb. 22, 2012). However, the documents included in Defendant's response in opposition to Epps' motion for a preliminary injunction will not be regarded for the purposes of this motion to dismiss.

Epps has asserted six "Counts" in his complaint. Each will be addressed in turn.

### 1. Count 1 – "Injunctive Relief"

Epps has acknowledged that Count 1 of the complaint merely incorporates all substantive claims and seeks injunctive relief. As such, Count 1 does not state an independent basis for which relief can be granted. Consequently, Court will construe the contents of the Count as a request for injunctive relief on all substantive claims, rather than a claim in and of itself.

### 2. Count 2 – "Failure of Notice"

Epps has alleged that notice for the foreclosure sale is defective. However, the foreclosure sale scheduled at the time of the filing was cancelled and a new notice was issued, which cured any defects alleged by Epps. Epps has conceded that this claim is now moot, and the claim will be dismissed.

### 3. Counts 3 & 4 – "Waiver or Estoppel by Course of Conduct" and "Appointment of Receiver"

Epps has alleged two bases for a finding of waiver and estoppel[1] upon which he seeks declaratory relief: (1) Defendant followed a course of conduct that waives the right to foreclose on

---

[1] In his response in opposition to the motion to dismiss, Epps also argues that the course of conduct may have modified the terms of the Deed of Trust, citing *Construction Crane & Tractor, Inc. v.*

the Property and (2) the agreed appointment of the Receiver waived the right to foreclose on the Property.

In Tennessee, "the holder of an indebtedness may be deemed to have waived the right to accelerate without giving prior notice to the debtor of his intention to do so," when a contrary intent has been demonstrated through "a course of dealing between parties." *Lively v. Drake*, 629 S.W.2d 900, 903 (Tenn. 1982); *see also Bull Mkt., Inc. v. Elrafei*, No. W201601767COAR3CV, 2017 WL 464923, at *3 (Tenn. Ct. App. Feb. 3, 2017). However, "[i]n order for *Lively's* 'waiver' reasoning to apply" Epps must plead "an accepted course of conduct" between the parties and that he reasonably "relied on that course of conduct in his further dealings." *Davenport v. Bates*, No. M2005-02052-COA-R3CV, 2006 WL 3627875, at *8 (Tenn. Ct. App. Dec. 12, 2006) (citing *Jerles v. Phillips*, No. M2005-1494-COA-R3-CV, 2006 WL 2450400, at *9 (Tenn. Ct. App. Aug. 22, 2006); *Dacus v. Weaver*, No. 29, 1988 WL 138918, at *2 (Tenn. Ct. App. Dec. 28, 1988)). This accords with the requirements of equitable estoppel. Estoppel "requires, at a minimum, (1) reliance upon the statement or actions of another without the opportunity to know the truth, and (2) action based upon that reliance that is detrimental to the acting party." *Hill v. Osborne*, No. E1999-00365-COA-R3CV, 2000 WL 337550, at *4 (Tenn. Ct. App. Mar. 30, 2000) (citing *Werne v. Sanderson*, 954 S.W.2d 742, 746 (Tenn. Ct. App. 1997)).

On the first basis for waiver and estoppel in Count 3, Epps alleges that Defendant, by accepting payments from the Receiver for application to the amounts owed pursuant to the Promissory Note, has consented to a course of conduct that waives its right to foreclose on the

---

*Wirtgen Am., Inc*. No. M200901131COAR3CV, 2010 WL 1172224, at *10 (Tenn. Ct. App. Mar. 24, 2010). Though related concepts, "waiver" and "modification" are distinct legal principles. As Epps has not included any allegations of contractual modification in his complaint, the Court will limit its analysis to waiver.

Property due to the prior default. Specifically, Epps alleges that Defendant's acceptance of payments from the Receiver "for application to the amounts owed pursuant to the Promissory Note" over the years since the Receiver's appointment have led Epps "to believe that continuing payments through the Receiver would be accepted by the holder of the Promissory Note without foreclosure." In other words, Epps claims that Defendant has waived its right to foreclose on the property by accepting these payments from the Receiver or should be estopped from pursuing the foreclosure remedy under the Deed of Trust. However, Epps merely alleges that, by accepting rent payments from the Receiver, Epps was led to believe no foreclosure would be pursued. At no point does Epps assert any reliance on this belief or alternative action he would have taken but for this belief. This pleading deficiency proves fatal to this claim.[2] Likewise, Epps does not allege that he is liable under the Promissory Note for any debts.

As for the second basis for waiver and estoppel in Count 4, Epps alleges that Defendant, by agreeing to the appointment of the Receiver, "has waived any prior defaults or is otherwise estopped from relying upon such defaults as a basis for foreclosure." However, in the "Agreed Order Appointing Receiver," both Epps and Gibson and Epps, L.L.C., to whom Epps claims to be a successor-in-interest, agreed that "Borrower," Gibson and Epps, L.L.C., was in default and that Defendant "is entitled to foreclose *and* to the appointment of a receiver to operate" the property in dispute. *Gary Epps et al. v. Gibson & Assoc. et al.*, No. C-13-363913 (Knox Cty. Cir. Ct. Aug. 26, 2016) (emphasis added). Consequently, Epps previously acknowledged the default and

---

[2] Further, the Deed of Trust states that "[n]o delay or omission on the part of the Trustee or Beneficiary in exercising any right or remedy hereunder shall operate as a waiver of such right or remedy or of any other right or remedy under this Deed of Trust." Likewise, "receipt and disposition of rents [or] income of the Premises . . . shall not be a waiver or release of any rights of the Trustee or the Beneficiary, including but not limited to, the right of foreclosure . . . whether such receipt or disposition shall be before or after the exercise of any such rights." Epps has not pleaded that Defendant waived these non-waiver provisions.

7

Defendant's right to foreclose, even in the midst of the Receiver's appointment. Epps' pleading on this basis is resultingly self-contradictory and fails to state a claim for которой this Court may grant relief. *See, e.g.*, *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 507 (6th Cir. 2015).

Thus, Counts 3 and 4 should be dismissed for failure to state claim upon which relief may be granted.

### 4. Counts 5 & 6 – "Failure to Provide Detailed Accounting" & "Unreasonable Additions to Amounts Claimed to be Owing on Promissory Note"

Epps has asserted that Counts 5 and 6 "operate in tandem," so the Court will address them together. Epps alleges that the summary of the balance due on the Promissory Note "greatly exceeds the amount that should reasonably be due" on the note and that he "has the ability to tender the amount that [Epps] believes represents the valid and reasonable payoff amount due."

As for failure to provide a detailed accounting in Count 5, Epps has not plausibly pleaded that he is entitled to a detailed accounting as he has claimed. In support of his claim of entitlement to a detailed accounting, Epps has pointed to a singular provision in the Deed of Trust, which provides that default permits the trustee to "take possession of and rent said property and shall be required to account only for the net rents received by him." In Tennessee, "[t]he interpretation of written agreements . . . is a matter of law." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). "A cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Id.* (citing *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005)). "In interpreting contractual language, courts look to the plain meaning of the words in the document to ascertain the parties' intent." *Id.* (citing *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889–90 (Tenn. 2002)).

Epps' own factual allegations cause the claim to fail under the contractual provision asserted. First, Epps states that the property is in Receivership, pursuant to prior litigation to which he was a party. The Receiver is an officer of the Knox County Circuit Court. *See, e.g.*, *KMC Co. v. Nabors*, 572 S.W.2d 255, 257 (Tenn. Ct. App. 1977) ("It is to be remembered that the receiver is an officer of the Court, appointed by him and subject to his instructions in respect to the property that he deals with."). As such, neither the trustee nor the Defendant has "taken possession of" the Property. Second, even if this provision in the Deed of Trust in concert with the receivership creates an entitlement to an accounting, it is only for "the net rents received by him." This does not create an entitlement to a detailed accounting of the interest and fees that have accrued from the default under the Promissory Note, under which Epps does not claim any liability. Third, the "Agreed Order Appointing Receiver" provides that the Receiver "shall render a quarterly report setting forth the revenues collected by the Receiver" that is "filed with the Court and copies shall be served on all named parties" to the previous action. *Gary Epps et al. v. Gibson & Assoc. et al.*, No. C-13-363913 (Knox Cty. Cir. Ct. Aug. 26, 2016). Unless the Receiver has not complied, which Epps has not alleged, he has received an accounting of the net rents as a party to that action.

As for the unreasonable additions alleged in Count 6, Epps has not plausibly pleaded that there are unreasonable additions to amounts owed on the Promissory Note. Epps asserts that he was provided a summary of the amounts owed on the note. Included in that summary is a category designated "Lender Advances" in the amount of $238,906.20. Epps "presume[s]" that the "Lender Advances" included in the summary "are probably primarily an addition of attorney fees." Epps goes on to conclude without support that any attorney's fees are not reasonable outright, or, alternatively, "the fees claimed are not reasonable under Tennessee law." A mere presumption does not create a plausible claim, and the Court "need not accept as true legal conclusions or

unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

In sum, Counts 5 and 6 fail to state a claim upon which this Court may grant relief and should be dismissed as well. Thus, all six counts fail to state a claim upon which this Court may grant relief.

## II.     Motion for a Preliminary Injunction

Prior to Defendant's motion to dismiss, Epps filed a motion for a preliminary injunction to enjoin the pending foreclosure sale. In response to Epps' claims regarding notice, Defendants cancelled the foreclosure sale, cured the alleged notice defects, and rescheduled a foreclosure sale for October 25, 2019. As all claims that form the basis for Epps' motion have been dismissed, as discussed *supra*, there is no remaining basis for the Court to grant a preliminary injunction. As such, Epps' motion for a preliminary injunction will be dismissed.

## III.    Request for Fees and Costs Pursuant to 28 U.S.C. § 1927

In its response in opposition to Epps' motion for a preliminary injunction, Defendant seeks an award of costs and fees for "unreasonably and vexatiously multiply[ing] litigation proceedings."

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions do not require that an attorney act in "bad faith" or with "conscious impropriety," but a court should inquire whether "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275–76 (6th Cir. 2010) (citing *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 396 (6th Cir. 2009)).

The sanction requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.*

However, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 290 (6th Cir. 1997). Slowness of action in prosecuting a claim or negligence in its pursuit does not provide an appropriate basis for Section 1927 sanctions. *See Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 32 (6th Cir. 2012) (citing *Hall*, 595 F.3d at 275–76).

Here, Defendant points to numerous actions by Mr. Leveille, counsel for Epps. Defendants assert that: (1) Mr. Leveille should have raised these claims in the prior Knox County Circuit Court litigation in which the "Agreed Order Appointing Receiver" was entered; (2) Mr. Leveille has filed repeated eleventh-hour motions to enjoin foreclosure sales; (3) Mr. Leveille has repeatedly sought TROs on an *ex parte* basis from the Knox County Chancery Court; (4) Mr. Leveille never served the Amended Complaint in the 2018 litigation before this Court; (5) Mr. Leveille failed to prosecute the 2018 litigation before this Court; (6) Mr. Leveille voluntarily dismissed the 2018 litigation before this Court, only to file suit to enjoin the subsequent foreclosure sale; (7) An attorney under Mr. Leveille's supervision sought a TRO from the Knox County Chancery Court on an *ex parte* basis after this action had been removed to this Court, in violation of 28 U.S.C. § 1446(d), which was not disclosed to Judge Mattice or this Court; and (8) All claims raised in this case are frivolous and have failed to justify an injunction of the upcoming foreclosure sale.

The Court does not condone Mr. Leveille's actions in the handling of this matter. Nevertheless, the Court does not find that sanctions are warranted in this case. Ultimately, Defendant successfully halted these proceedings with an early motion to dismiss, s*ee Riddle v.*

*Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001), and the foreclosure sale set for October 25, 2019 will proceed.

### IV. Conclusion

Consequently, in a contemporaneously filed judgment with this memorandum opinion and order, Defendant's motion to dismiss [D. 14] will be **GRANTED**. Epps' motion for a preliminary injunction [D. 11] will be **DENIED**. Defendant's request for costs and fees under 28 U.S.C. § 1927 is **DENIED**. This action will be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**